CASE 6—PETITION EQUITY—DECEMBER 13.

# Anderson vs Smith.
# Randall, &c. vs. Same.

APPEALS FROM TODD CIRCUIT COURT.

Where an infant died without issue and intestate in 1829, (his father being dead,) his slaves passed to his mother, brothers and sisters.

Husband, whose marriage took place in 1830, became entitled, upon the death of th wife in 1857, by survivorship or as administrator, to her interest in remainder or reversion in slaves descended to her in 1829.

It is in general true that a suit for the division of slaves descended, cannot be maintained until an administrator shall have been appointed and made a party; but cases may occur in which this rule will not be applied.

A decedent died, an infant, in 1829, entitled to an undivided remainder interest in slaves. The life estate upon which it depended terminated in 1857, and not until then did the right of action of his heirs at law for a division of the slaves accrue. No administration was ever granted upon his estate. *Held*—that there was no necessity for the appointment of an administrator in order to a division of the slaves. The lapse of time—twenty-eight years—affords a presumption that there are no outstanding debts against the estate of the decedent.

According to the Revised Statutes no administration can be granted after the expiration of twenty years from the death of the decedent.

All persons interested in slaves are necessary parties to a suit for their distribution.

Where suit for the partition of slaves is brought in the proper county, service of process in another county on a defendant who resides there, brings him properly before the court.

In 1823 Reuben Anderson died intestate at his residence in Todd county. He was the owner at the time of his death of a number of slaves, and one-third of them was allotted to his widow, Rachel Anderson, as her dower. He left at the time of his death four children. Jesse Anderson, one of said children, resided in Todd county, where he died in 1829, under age, without issue, and intestate, and no administration was ever granted on his estate. In 1826 the widow of Reuben Anderson sold her life estate in the slaves which had been allotted to her for her dower. In 1830 she married the appellee, Smith, and died in 1857, in Taylor county, and her husband administered upon her estate. This suit was brought by him in 1858 in the Todd circuit court for partition of the dower slaves,

claiming one-sixteenth thereof as survivor and administrator of his wife, being the interest which, as he claims, descended from her son Jesse Anderson to her. Those claiming and holding the slaves under the purchaser from the widow, and the heirs at law of Jesse Anderson, were made defendants ; all of whom, except M. J. Anderson, resided and were served with process in Todd county—he resided and was served in Livingston county. The plaintiff having obtained the relief sought by him, the defendants appealed.

BRISTOW & PETREE, for appellants, cited 9 *B. Mon.*, 521; 7 *Mon.*, 178; *Civil Code, secs.* 96, 97; 7 *Mon.*, 217.

J. HARLAN, and JAS. HARLAN, JR., for appellee, cited *act of* 1785; *act of* 1798; 1 *Stat. Law*, 556; 9 *B. Mon.*, 94; 3 *Litt.*, 283–4; 1 *B. Mon.*, 152; 5 *B. Mon.*, 556; *Rev. Stat., chap.* 37, *art.* 2, *sec.* 2; *Civil Code, sees.* 106, 109.

SIMPSON & SCOTT, on same side, cited *act of* 1798; 2 *J. J. Mar.*, 467; *Litt. Select Cases*, 331; 3 *Litt.*, 283–4; 1 *B. Mon.*, 152; 9 *B. Mon.*, 94; *Rev. Stat.*, 335; *Civil Code, secs.* 109, 106, 97.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

These cases arise upon the same record, and will be considered together.

Upon the death of Jesse Anderson his mother became entitled, as one of his heirs and distributees, to an undivided fourth part of his remainder interest in the slaves which had been assigned to her for dower in the estate of her husband. And the appellee, Smith, who had married the mother, became entitled, upon her death, either by survivorship or as administrator, to her remainder interest in the slaves, being one-sixteenth part undivided.

These propositions are not controverted by the appellants. But they insist that their demurrer to the petition should have been sustained because the administrator of Jesse Anderson was a necessary party to the proceeding. It is, in general, true that a suit for the division of slaves descended cannot be maintained until an administrator shall have been appointed, and made a party. And for this plain reason: Slaves are assets in

the hands of the personal representative, for the payment of debts, and no division of slaves amongst the distributees will ever be decreed until it shall be made to appear either that there are no debts against the estate of the decedent, or that they have been fully paid.   The administrator representing, as he does, the creditors, and being bound to protect their rights—having, indeed, no other interest in the slaves of his intestate than to hold them in trust for the payment of debts— must in general be brought before the court in order that the property may not "escape the grasp of creditors" by a premature and improvident order for distribution among the heirs.

But cases may occur in which it would be unjust and absurd to apply this rule.   The present case is one of them. The decedent died an infant in 1829.   His undivided remainder interest in the slaves in contest might have been subjected to the payment of his debts, if he had owed any.   The life estate terminated in 1857, and not until then did the appellee's right of action accrue.   Should the court hesitate to award distribution, upon the idea that there may be outstanding debts against the estate of the decedent?   Does not the lapse of time—a period of twenty-eight years since his death—afford a presumption amounting almost to absolute certainty that there are no such debts?

It is perfectly clear that there was no necessity for the appointment of an administrator, for any of the purposes of this action.   Indeed, no administration can be granted after the expiration of twenty years from the death of the decedent, according to the Revised Statutes, and to refuse the appellee relief on the ground contended for would be an indefensible denial of a plain and clear right.

All the persons in the possession of any of these slaves were necessary parties to the suit for distribution, and the service of process on M. J. Anderson in Livingston county brought him properly before the court.

We see no error in the judgment complained of, and it is therefore affirmed.